# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES S. DAVENPORT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DAVE DORMIRE, )<br>)<br>Respondent. ) | Case No. 4:08-CV-1192 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Charles S. Davenport for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. Procedural History

Petitioner Charles S. Davenport is currently incarcerated at Jefferson City Correctional Center, pursuant to the sentence and judgment of the Circuit Court of Audrain County, Missouri. On September 20, 2004, a jury found petitioner guilty of first-degree robbery and armed criminal action. On December 22, 2004, petitioner was sentenced to two concurrent fifteen-year terms of imprisonment.

The Missouri Court of Appeals affirmed petitioner's convictions and sentences in an unpublished opinion issued on November 1, 2005. State v. Davenport, 175 S.W.3d 181 (Mo. Ct. App. 2005). Resp. Ex. G. On February 2, 2006, petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15. The post-conviction court denied petitioner's motion without a hearing on January 18, 2007. On November 20, 2007, the

Missouri Court of Appeals summarily affirmed the denial of post-conviction relief. Davenport v. State, 246 S.W.3d 7 (Mo. Ct. App. 2007). Resp. Ex. L.

Petitioner filed his § 2254 petition with this Court on August 14, 2008, asserting the following claims for relief: (1) the trial court erred in sustaining the prosecutor's request to strike venireperson Larry Helton for cause after Helton had been rehabilitated; (2) petitioner was denied a trial by an impartial jury in that venireperson Marc Kowalski failed to disclose that petitioner owed him money; and (3) petitioner received ineffective assistance of trial counsel because counsel failed to request a mistrial after venireperson Wallace Herndon tainted the jury panel.

II. Background

At 10:15 on the evening of September 27, 2003, a robbery took place at the Casey's convenience store in Mexico, Missouri. The two clerks in the store at the time of the incident told police that a man entered and exited the store twice before returning with a knife and demanding money. The clerks gave the man the money in the cash register. When he left the store, the robber got into a vehicle in the parking lot and drove away. The clerks called 911 and reported the robbery, giving a description of the man and his vehicle; they also provided the license plate number. Within minutes, a police officer observed the described vehicle. he followed the vehicle until it stopped outside a residence. The officer left the area to get assistance. When he returned with other officers, petitioner was found sitting in the car. The convenience store clerks identified petitioner as the robber. A different police

officer responded to the convenience store where he viewed the surveillance video tape. He testified that he recognized petitioner.

### III. Discussion

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000) (concurring opinion of O'Connor, J., for the court). A court may not issue a writ under the "unreasonable-application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411; see also Johnston v. Luebbers, 288 F.3d 1048, 1051 (8th Cir. 2002).

Petitioner properly presented grounds 1 and 3 to the state courts and, thus, this Court's review is not barred by principles of exhaustion or procedural default. The Missouri Court of Appeals determined that petitioner failed to preserve his second claim was and declined to complete plain error review. Because petitioner is not entitled to relief on the merits of his second claim, it is unnecessary to address whether petitioner procedurally defaulted the claim.

<u>Claim 1: Venireperson Larry Helton</u>

In his first claim for relief, petitioner contends that the trial court improperly sustained the prosecutor's motion to strike venireperson Larry Helton for cause. During *voir dire*, and in response to questions from the prosecutor, venireperson Helton indicated that he believed that the State would have to introduce a weapon into evidence before he could convict defendant. During the defense *voir dire*, Mr. Helton and petitioner's counsel had the following exchange:

> Q: . . . Earlier you were talking about that if the State didn't produce a weapon you would have some trouble believing a weapon was involved. Is that fair to say?
>
> * * *
>
> A: Unless it was on the videotape and you could see the guy's face vividly.
>
> * * *
>
> A: The thing about videotapes is that I seem to have trouble making out who it is.
>
> * * *
>
> A: A lot of them it's kind of fuzzy or something.

> Q: Well, and clearly if the videotape's in evidence you'll be able to take a look at that. Could you consider without looking at the videotape even if a weapon was not produced whether or not a weapon had been used?
>
> A: Yeah.
>
> Q: Okay. So you'd be able to consider the evidence even if there's no weapon in evidence?
>
> * * *
>
> Q: If you had other evidence that there was a weapon but no weapon in evidence could you consider all of that and still find that there was a weapon used to commit the crime?
>
> A: Yeah.

The prosecutor subsequently moved to strike Mr. Helton for cause based on his statement that he would require a weapon in evidence in order to convict someone on a weapon offense. Defense counsel argued that in subsequent *voir dire* Mr. Helton said that he could consider all evidence regardless of whether a weapon was produced. The trial court sustained the strike, stating that Mr. Helton "got rehabilitated part way, but I . . . interpreted his answers . . . to say well . . . if he could see a knife on the videotape maybe." The trial court concluded that the issue was "close enough that the challenge should be granted." The Missouri Court of Appeals affirmed, noting that the State did not have a weapon in evidence or on the videotape.[1] Helton gave contradictory answers regarding whether he could consider that a weapon

---

[1] There was testimony at trial that the view of petitioner's right hand was obscured in the videotape.

had been used based solely on witness testimony. The trial court did not abuse its discretion by giving more weight to one response over another.

A trial court is charged with determining whether a "prospective juror's views 'would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" Merced v. McGrath, 426 F.3d 1076, 1082 (9th Cir. 2005) (quoting Wainwright v. Witt, 469 U.S. 412, 420 (1985)). "There are . . . factual and legal questions to be considered in deciding whether a juror is qualified. The constitutional standard that a juror is impartial only if he can lay aside his opinion and render a verdict based on the evidence presented in court is a question of federal law; whether a juror can in fact do that is a determination to which habeas courts owe special deference." Patton v. Yount, 467 U.S. 1025, 1038 n.12 (1984) (citations omitted). The trial court's factual determination that Mr. Helton would be unable to follow the instructions is presumed to be correct. § 2254(e)(1). Petitioner has failed to meet his burden of rebutting the presumption of correctness by clear and convincing evidence. See id. Petitioner's first claim for relief will be denied.

### Claim 2: Venireperson Marc Kowalski

Petitioner next contends that the trial court erred when it denied his request for new trial based on Mr. Kowalski's failure to disclose that petitioner owed him $60.00. Mr. Kowalski was the foreperson of the jury. During *voir dire*, Mr. Kowalski stated that he "had dealing with the defendant professionally. . . I work at the funeral home and he's come in. I don't think

–6–

that would hinder me . . . but I've met him professionally." Petitioner did not challenge Kowalski for cause or use a peremptory strike to remove him from the jury. Petitioner states that he later remembered that he owed the funeral home $60.00. He argues that Kowalski's failure to disclose the debt was material, intentional and unreasonable and gives rise to a presumption of bias. Petitioner's claim is based on nothing more that speculation that Kowalski was aware of and influenced by the debt. Petitioner's second claim for relief will be denied.

### Claim 3: Ineffective Assistance of Counsel

In his third claim for relief, petitioner contends that venireperson Walter Herndon tainted the jury panel during *voir dire*. Petitioner contends that counsel rendered ineffective assistance of counsel because she failed to ask for a mistrial.

During *voir dire*, the prosecutor asked whether anyone felt "unable to sit as a juror." In response, Mr. Herndon stated, "Well, I kind of know the guy." When asked how he knew him, Mr. Herndon answered, "Well, I know what he does, what he don't do. That's the reason why he might of did it. I don't know." During defense counsel's *voir dire*, when the panel was asked whether anyone could not be fair to the defendant, Mr. Herndon stated, "I just know too much about the guy." Mr. Herndon was struck for cause. Petitioner contends that counsel should have requested a mistrial.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective

–7–

standard of reasonableness and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  In order to obtain relief under § 2254(d)(1), however, it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.  Bell v. Cone, 535 U.S. 685, 699 (2002).  Rather, petitioner must show that the Missouri courts applied Strickland to the facts of his case in an objectively unreasonable manner.  Id.

The Missouri Court of Appeals determined that Mr. Herndon's comments were not so inflammatory and prejudicial that petitioner's right to a fair trial was infringed.  The court noted that Mr. Herndon's comments were general and did not connect petitioner to criminal activity.  Thus, a motion for mistrial would have been denied and petitioner cannot establish that he was prejudiced by counsel's failure to make such a motion.  Petitioner's third claim for relief will be denied.

In summary, petitioner has failed to establish that the state courts' decisions on his claims were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in State court proceedings.  28 U.S.C. § 2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Charles S. Davenport for writ of habeas corpus [#1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2009.